IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:20-61 |
| | ) Judge Stephanie L. Haines |
| TOM WOLF, et al., | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF COURT**

This is a civil rights action brought under 42 U.S.C. § 1983 by John Williams ("Plaintiff"), an inmate incarcerated at SCI-Houtzdale. Plaintiff's operative amended complaint [Doc. 79] asserts numerous federal and state law claims against twenty-eight state and local judicial and executive officials of the Commonwealth of Pennsylvania[1] alleging the denial of access to courts and retaliation. Plaintiff further challenges as unconstitutional a Pennsylvania statute authorizing deductions from inmate accounts to collect restitution, court costs and filing fees. This matter was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

**I.     Procedural Background**

Plaintiff commenced this action on June 9, 2020 [Doc. 25], by filing a complaint seeking

---

[1] The amended complaint names the following twenty defendants (collectively referred to as the "Commonwealth Defendants"): former Governor Tom Wolf; John Wetzel; George Little; Timothy A. Holmes; Debra Sue Rand; Barry Smith, Rebecca Reifer; Melissa Straw; Susan Hnatkovich; Robert Westover; Brodie Urban; Robert Parks; T. Little; B. Civiello; Corrections Officer ("CO") Stewart; CO Rieg; CO Isenburg; CO Smith; F. Nunez; and, Terri Sechrengost. In addition, the complaint also names as defendants the following state court officials and employees: Judge Thomas Placey; Judge Edward Guido; Rhonda J. Smith; Michele A. Eline; Denis Lebo; Merle L. Ebert; Kimberly A. Metzger; and, the Superior Court of Pennsylvania.

1

to bring a class action on behalf of all inmates currently incarcerated at SCI-Houtzdale alleging the denial of access to the courts, as well as challenging as unconstitutional prison deductions from inmate accounts to pay court-imposed penalties and fees. On July 21, 2020, Judge Kelly issued a Report and Recommendation ("R&R") [Doc. 36] recommending that Plaintiff's complaint be dismissed for failure to state a claim, but with leave to amend. This Court entered an order on January 15, 2021, adopting the R&R as the opinion of the Court [Doc. 51].

Plaintiff filed the operative amended complaint on May 10, 2022 [Doc. 79]. On August 2, 2022, the Commonwealth Defendants filed a motion to dismiss the amended complaint, or, in the alternative, for summary judgment based on Plaintiff's failure to exhaust [Doc. 87]. On December 12, 2022, Judge Kelly entered an order [Doc. 101] notifying the parties that the motion to dismiss may be treated as a summary judgment motion on the exhaustion issue. *See Renchenski v. Williams*, 622 F.3d 315 (3d Cir. 2010) (court must provide notice to pro se prisoners when converting a motion to dismiss into a motion for summary judgment). Plaintiff filed a response in opposition to the motion to dismiss/summary judgment motion on January 12, 2023 [Doc. 110], along with a motion for leave to file another amended complaint [Doc. 111], and a brief in support of his response and motion to amend [Doc. 112].

On January 19, 2023, Judge Kelly issued a Report and Recommendation ("R&R") [Doc. 113] recommending: that summary judgment be granted in favor of the Commonwealth Defendants based on Plaintiff's failure to exhaust; that all claims against the remaining defendants be dismissed for failure to make timely service; and, that Plaintiff's motion for leave to file an amended complaint be denied. Plaintiff was advised that he had fourteen days from the date of service of the R&R to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff timely filed objections to the R&R on February 7, 2023 [Doc. 115].

## II. Standard

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

## III. Discussion

### A. Report and Recommendation

Upon de novo review of Judge Kelly's R&R and an independent review of the record, this Court will accept in whole the findings and recommendations of Judge Kelly in this matter.

Judge Kelly first recommends that summary judgment be granted in favor of the Commonwealth Defendants based on Plaintiff's failure to properly exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). The PLRA explicitly provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). In addition, the administrative exhaustion mandate also implies a procedural default component. *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004).

The Supreme Court has held that exhaustion of administrative remedies is required under the PLRA for all prisoner suits seeking redress for prison circumstances or occurrences, regardless

of whether they involve general circumstances of incarceration or particular episodes, and whether they allege an Eighth Amendment violation based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). As recognized by Judge Kelly, the Pennsylvania Department of Corrections provides a three-step administrative process for the redress of inmate grievances: (1) an initial grievance; (2) an appeal to the superintendent; and, (3) a final appeal to the Secretary's Office of Inmate Grievance Appeals ("SOIGA"). *See Redshaw v. Pillai*, No.12-190J, 2013 WL 3802464, at *3 (W.D. Pa. July 18, 2013).

Here, Plaintiff failed to grieve several of his claims at all, including *inter alia*, his claims regarding covid-related library access constraints and the withdrawal of funds from his inmate account for fees and penalties. As to his remaining claims, they are encompassed within two separate grievances filed in the prison system, neither of which Plaintiff properly exhausted at the administrative level. Judge Kelly's thorough R&R lays out in detail the procedural history of these grievances [Doc. 113 pp. 5-9], and fully explains why Plaintiff failed to properly exhaust any of his claims [*Id.* at16-18]. The Court agrees in all respects with Judge Kelly's analysis of the exhaustion issue, including her sound determination that Plaintiff's claims were not properly exhausted, and now are procedurally barred. In addition, Judge Kelly reasonably concluded that Plaintiff also has failed to establish that exhaustion should be excused based on obstruction of the grievance process by prison officials as, for the reasons stated in the R&R [Doc. 113 pp. 18-22], Plaintiff cannot show either that any threats were made that were sufficiently serious as to deter a reasonable inmate from lodging a grievance, nor that he himself actually was deterred. *See Rinaldi v. United States*, 904 F.3d 257, 269 (3d Cir. 2018). Accordingly, Judge Kelly's recommendation that summary judgment be granted in favor of the Commonwealth Defendants for failure to properly exhaust administrative remedies will be adopted in whole.

Judge Kelly next recommends dismissal of all claims against the remaining eight defendants for failure to make timely service. Rule 4(m) of the Federal Rules of Civil Procedure requires dismissal of an action if a defendant is not served within 90 days after the complaint is filed. Local Civil Rule 10.B provides that all individuals filing pro se civil rights actions assume responsibilities inherent to litigation, and that incarcerated individuals are not relieved of these responsibilities. Rule 10.B further cautions incarcerated pro se litigants that the "[f]ailure to comply with the requirements set forth herein may render the service of the complaint impossible and subject to dismissal for failure to prosecute."

Here, Plaintiff failed to serve the remaining eight defendants within 90 days of filing his amended complaint, and further failed to comply with Judge Kelly's show cause order directing him to do so no later than January 9, 2023 [Doc. 102]. While the record [Doc. 114] does indicate that Plaintiff eventually did submit service forms on January 19, 2023 (ten days late), he did not provide copies of the complaint for each defendant as required by the Local Rules. *See* L.Cv.R. 10.B ("It is the plaintiff's responsibility, not that of the Clerk of Court or the Court, to submit [copies of the complaint for each named defendant]"). As Plaintiff failed to timely serve the complaint on the remaining defendants, and still has not done so, his non-compliance with Rule 4(m), the show cause order, and Local Rule 10.B warrants dismissal of all claims against the unserved defendants. Judge Kelly's recommendation to that effect also will be adopted in whole.

Finally, the Court agrees with, and will adopt, Judge Kelly's final recommendation that Plaintiff's motion for leave to file a second amended complaint be denied as futile. Plaintiff's motion seeks leave to amend his complaint to assert new claims arising out of the incidents identified in the amended complaint, or arising after the filing of his amended complaint. However, as explained by Judge Kelly, Plaintiff's failure to properly exhaust his administrative

remedies as to any claim renders amendment to add new or related claims futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); 28 U.S.C. § 1915.

**B.     Objections**

This Court has reviewed Plaintiff's multiple objections to the R&R and finds them to be unavailing. First, although Plaintiff clearly disagrees with Judge Kelly's exhaustion analysis, his objections do nothing to change the fact that he did not <u>properly</u> exhaust his grievances all the way through the available administrative procedures. As explained in the R&R [Doc. 113 pp. 17-18], Plaintiff appealed the wrong grievance to the SOIGA, and, even when he was advised of his error, and was provided with an opportunity to correct it, he did not. Moreover, Plaintiff's failure to properly exhaust his grievances cannot be attributed in any way to administrative obstruction, as he contends, but instead resulted solely from his failure to remedy his own mistake, even after he was given the chance to do so.

In addition, contrary to Plaintiff's objections, his failure to request monetary damages in his grievance is fatal to any compensatory damage claim asserted in his amended complaint, *see, e.g., Wright v. Sauers*, 729 F. App'x 225, 227 n. 12 (3d Cir. 2018) (procedural default found where plaintiff failed to request monetary relief in his initial grievance), and his failure to identify other employees by name and job title constitutes an additional hurdle that Plaintiff failed to clear in the administrative process, precluding a finding of proper exhaustion. *Williams v. Pa, Dep't of Corr.*, 146 F. App'x 554, 557 (failure to identify defendants constitutes failure to exhaust under PLRA).

Plaintiff next objects to the dismissal of the unserved defendants, arguing that he in fact did submit the proper forms to the Court for service. But, as already discussed, Plaintiff's submission was untimely under Rule 4(m), likewise failed to comply with the deadline set forth in the show cause order, and also did not include copies of the amended complaint for each defendant

as required under Local Rule 10.B. Accordingly, Plaintiff's objection to the dismissal of those claims under Rule 4(m) is without merit.

Plaintiff next argues that he was not required to exhaust his claims challenging the seizure of funds from his inmate account under the Pennsylvania statute, nor as to his covid-related denial of access to court claims. In support, Plaintiff cites *Friends of Danny DeVito v. Wolf*, 658 Pa. 165, 220 A.3d 872 (2020), in which the Pennsylvania Supreme Court held that the Governor had the statutory authority to issue covid-related executive orders, and that such orders were a proper exercise of police power. But Plaintiff offers no explanation as to how that holding somehow might excuse his failure to submit grievances on these claims, nor does he cite any other authority for that proposition beyond his unsupported assertion that the PLRA exhaustion requirement "cannot possibly apply" to these claims.

To the contrary, Plaintiff's challenges to both the covid-related lockdown of the facility pursuant to the executive order, and to the deduction of money from his inmate account pursuant to the state statute, constitute "conditions of confinement" claims within the scope of the PLRA for which exhaustion of administrative remedies, including the filing of a grievance, is required. As previously noted, exhaustion of administrative remedies is required under the PLRA for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *Porter*, 534 U.S. at 516.

Here, Plaintiff's claim alleging the denial of access to the courts resulting from the lockdown of the facility and resultant constraints on library access pursuant to the covid-related executive order is a textbook example of a "prison condition" that requires exhaustion under the PLRA. See, e.g., *Rodriguez v. Essex Cnty. Corr. Facility Admin.*, No. CV 16-1991 (SDW), 2018 WL 2018060, at *3 (D.N.J. May 1, 2018) (because plaintiff's complaint challenging frequent

lockdowns at jail clearly concerned "condition of confinement," court held that complaint was subject to § 1997e's exhaustion requirement); *Nelson v. Warden of C.F.C.F.*, 461 F. Supp. 2d 316 (E.D. Pa. 2006) (summary judgment granted for failure to exhaust on complaint that included claim that plaintiff was denied use of library to gain direct access to the courts).

Likewise, Plaintiff's challenge to the jail's deduction of money from his inmate account pursuant to the state statute likewise seeks redress for a prison circumstance or occurrence subject to the exhaustion requirement of § 1997e. *See, e.g., Spengler v. United States,* 127 Fed. Cl. 597 (2016), *aff'd,* 688 F. App'x 917 (Fed. Cir. 2017) (federal inmate's action alleging, *inter alia,* that the Bureau of Prisons (BOP) breached a fiduciary duty by using monies from a commissary fund to implement a new computer and telephone system was action concerning prison conditions subject to PLRA exhaustion requirement). Accordingly, Plaintiff's failure to file a grievance in accordance with the available administrative process is fatal to these claims.

Plaintiff's objection to Judge Kelly's determination that he failed to exhaust his retaliation claims, and her conclusion that the alleged misconduct of the Commonwealth Defendants was not sufficiently serious to excuse his failure to exhaust, primarily states a disagreement with her application of the *Rinaldi* standard. As already discussed, however, upon de novo review, the Court agrees with Judge Kelly's finding that no conduct by any of the Commonwealth Defendants was sufficiently serious as to deter a reasonable inmate from lodging a grievance, nor that Plaintiff himself actually was deterred from doing so. Indeed, Plaintiff did file two grievances, he simply did not follow the administrative procedure sequentially through the entire three-step process. This Court is satisfied that the allegations advanced by Plaintiff are insufficient to show that any conduct of any defendant was significantly serious as to render the grievance procedures unavailable to him, which would have excused his failure to properly exhaust his administrative remedies.

Finally, for the reasons already discussed, the Court agrees with Judge Kelly's finding that permitting Plaintiff to amend his complaint a second time would be futile in light of his failure to properly exhaust his claims. Plaintiff's objection on this issue, which amounts to a mere disagreement with Judge Kelly's analysis, is insufficient to alter that conclusion.

### IV. Conclusion

As Judge Kelly reasonably found, summary judgment in favor of the Commonwealth Defendants is warranted. Plaintiff failed to properly exhaust his administrative remedies, and has failed to show that he was inhibited from doing so. Plaintiff also failed to timely serve the remaining defendants, and failed to comply with Judge Kelly's subsequent show cause order directing him to do so, warranting dismissal of all claims against those defendants under Rule 4(m) of the Federal Rules of Civil Procedure. In light of Plaintiff's failure to exhaust, any attempt to amend the complaint as to any claim against any defendant would be futile. For those reasons, and because Plaintiff has failed to raise any meritorious objections to the R&R, Judge Kelly's findings and recommendations will be adopted in whole.

Accordingly, the following order is entered:

### ORDER OF COURT

AND NOW, this 8th day of March, 2023, for the reasons set forth herein, IT IS ORDERED that Plaintiff's objections [Doc. 115] to Magistrate Judge Kelly's Report and Recommendation [Doc. 113] hereby are **overruled**; and,

IT FURTHER IS ORDERED that all claims asserted in the operative amended complaint [Doc. 79] against Defendants Thomas A. Placey, Edward E. Guido, Rhonda J. Smith, Michele A. Elline, Denis Lebo, Merle L. Ebert, Kimberly A. Metzger, and the Superior Court of Pennsylvania

hereby are **dismissed** pursuant to Federal Rule of Civil Procedure 4(m) for failure to make timely service on those defendants; and,

IT FURTHER IS ORDERED, pursuant to Federal Rule of Civil Procedure 56(a), and for the reasons set forth in Magistrate Judge Kelly's Report and Recommendation [Doc. 113], which hereby is adopted as the opinion of the Court, as supplemented herein, that the Commonwealth Defendants' motion to dismiss [Doc. 87], which has been treated as a motion for summary judgment on the issue of exhaustion pursuant to Federal Rule of Civil Procedure 56 [*see* Doc. 101], hereby is **granted**. A judgment order in favor of the Commonwealth Defendants will be entered separately in accordance with Federal Rule of Civil Procedure 58(a); and,

IT FURTHER IS ORDERED that Plaintiff's motion for leave to file an amended complaint [Doc. 111] hereby is **denied**.

Stephanie L. Haines
United States District Judge